CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
JONATHAN C. AMINOFF (Bar No. 259290)
(E-Mail: jonathan_aminoff@fd.org)
REBECCA ABEL (Bar No. 298604)
(E-Mail: rebecca_abel@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
SIMRANDEEP SINGH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SIMRANDEEP SINGH,<br><br>Defendant. | Case No. 5:23-cr-00161-SPG-1<br><br>**DEFENDANT SIMRANDEEP SINGH'S MOTION *IN LIMINE* TO EXCLUDE UNTIMELY DISCLOSED EXPERT TESTIMONY**<br><br>**Jury Trial: September 16, 2024** |

Defendant Simrandeep Singh, by and through his counsels of record Deputy Federal Public Defenders Jonathan C. Aminoff and Rebecca Abel hereby files this Defense Motion *in Limine* to exclude the untimely disclosed expert testimony.

1       This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and any argument this Court permits on this matter.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 16, 2024     By  */s/ Jonathan C. Aminoff*
                                              JONATHAN C. AMINOFF
                                              REBECCA ABEL
                                              Deputy Federal Public Defenders
                                              Attorney for SIMRANDEEP SINGH

## I. INTRODUCTION

Eighteen hours before Simrandeep Singh's trial was set to commence, the government e-mailed defense counsel a revised expert disclosure. After maintaining their position for months that their expert witness would testify about his analysis of the call detail records for Simrandeep Singh's cellular phone and the associated cellular tower records for the period of July 25, 2023 - July 27, 2023, the government suddenly switched gears. Now the government intends to admit expert testimony concerning July 18, 2023 and May 12-14, 2023. The government's late disclosure violates Rule 16, and Mr. Singh's due process right to a fair trial. The government's proposed expert testimony should be excluded.

## II. FACTS

On December 13, 2023, Simrandeep Singh was arraigned in the Central District of California.

On December 19, 2023, the defense sent a letter to government counsel asserting all of Mr. Singh's rights under Rule 16 including a specific request for notice of expert testimony pursuant to Rule 16(a)(1)(G).

In an expert disclosure letter first provided on April 5, 2024, attached hereto as Exhibit A, the government indicated that it would seek to use Agent Shaffer as its expert and explained that:

- As to this case specifically, SA Shaffer will testify about his analysis of the CDRs for defendant's cellphone, 840-207-1533, and associated cellular tower records, <u>including the approximate location of that cellphone between the evening of July 25, 2023, when defendant arrived in Los Angeles, through to the early morning hours of July 27, 2023, when he returned to New York</u>. SA Shaffer has prepared a PowerPoint presentation containing maps that depict his location analysis throughout that two-day period.

3

In a subsequent expert disclosure letter sent on August 9, 2024, attached hereto as Exhibit B, the government switched their expert, and wrote:

- As to this case specifically, SA Easter will testify about his analysis of the CDRs for defendant's cellphone, 840-207-1533, and associated cellular tower records, <u>including the approximate location of that cellphone between the evening of July 25, 2023, when defendant flew from New York to Los Angeles, through to the early morning hours of July 27, 2023, when he returned to New York.</u> SA Easter has prepared a PowerPoint presentation containing maps that depict his location analysis throughout that two-day period.

In a further revised expert disclosure letter sent on September 3, 2024, attached hereto as Exhibit C, the government switched their expert for a third time, but remained steadfast on the expert's conclusions, writing:

- As to this case specifically, SA Keyes will testify about his analysis of the CDRs for defendant's cellphone, 840-207-1533, and associated cellular tower records, <u>including the approximate location of that cellphone between the evening of July 25, 2023, when defendant flew from New York to Los Angeles, through to the early morning hours of July 27, 2023, when he returned to New York</u>. SA Keyes has prepared a PowerPoint presentation containing maps that depict his location analysis throughout that two-day period.

Finally, on Sunday, September 15, 2024, at 2:36 p.m., government counsel sent the defense an email, attached hereto as Exhibit D, that stated the following:

- We have two updates on SA Keyes testimony. He will be testifying about the movement of defendant's phone on July 18, 2023 and from May 12, 2023 to May 14, 2023. I've attached the supplemental slide for July 18, 2023. We may anticipate an additional slide for defendant's movements

4

from May 12, 2023 to May 14, 2023, which we will send when it is ready.[1]

The defense raised the government's late disclosure with the Court on September 16, 2024. The Court instructed the parties to brief the issue.

### III. ARGUMENT

#### A. The evidence at issue must be presented via expert testimony

There are two primary types of location data that can be obtained form a cellular phone. One type simply involves testifying about the contents of the phone itself. There, the agent extracts the data from the phone and then reviews it looking for GPS coordinates. If this is the type of evidence being proffered, then it may be admissible through a non-expert's testimony. *See, e.g., United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1267 (9th Cir. 2024).

This is not the type of evidence being offered here. In this case, the government did not do an extraction of the data on Simrandeep Singh's phone. Rather, the government's expert witness is testifying to a historical cell-site analysis. The defense is unaware of any occasion when a non-expert was permitted to testify to such evidence. *See, e.g., Carpenter v. United States*, 585 U.S. 296 (2018) (explaining that testimony about cell-site data was offered as expert testimony); *United States v. Baker*, 58 F.4th 1109, 1125 (9th Cir. 2023) (noting that the prosecution had proffered the testimony of an expert who explained how information about the cell towers to which the defendant's phone connected to on the night of the crime allowed him to discern the phone's movement toward the scene of the crime and away from it afterward). And the United States Attorney's Office in the Central District of California has traditionally taken the position that such evidence is admissible with the testimony of a qualified expert. *See, e.g., United States v. Hobson*, 23-CR-102-FLA-1, Dkt. 171 at ECF page 6 ("Historical Cell-Site Analysis Is Reliable and Admissible with a Qualified Expert…").

---

[1] As of the time of filing, this additional slide has not been provided to the defense.

B. **Rule 16 bars the admission of the government's proposed testimony**

Rule 16(a)(1)(G)(ii) states that "the court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Given the government's late disclosure, there is no opportunity to meet this evidence.

The rule "is intended to minimize surprise that often results from unexpected expert testimony" and to enable the defendant "to test the merit of the expert's testimony through focused cross-examination." *United States v. Shih*, 73 F.4th 1077, 1097-98 (9th Cir. 2023), cert. denied, 144 S. Ct. 820, 218 L. Ed. 2d 30 (2024). "Fairness requires that adequate notice be given the defense to check the findings and conclusions of the government's experts." *United States v. Barrett*, 703 F.2d 1076 (9th Cir. 1983). In *United States v. Barrett*, the Ninth Circuit held that the receipt of test results only two days before trial was not adequate time to prepare a rebuttal to an expert witness's testimony. Likewise, several hours is grossly insufficient to rebut the inferences that the government seeks to establish with its expert witness testimony.

1. **The defense is unable to meet the July 18, 2023 location data**

In a previously disclosed DEA report, Agent Trent Shaffer documents the events of July 18, 2023. He writes that he observed Anmoldeep Singh and another Indian male leave a house on Cava Lane. And then Agent Cirillo apparently observed Anmoldeep Singh drive to a U-Haul rental location located in San Bernardino. And finally, Agent Chang observed Anmoldeep Singh and his "passenger" exist the U-haul. And then Agent Cirillo apparently took over the surveillance and observed Anmoldeep Singh and passenger arrive at an apartment in Rancho Cucamonga.

Based on the government's September 15, 2024 disclosure, it now transpires that the government intends to have Agent Shaffer testify that, based on hearsay, Simrandeep Singh was this previously unidentified passenger. He will then apparently testify that he spoke with the person working at the U-haul and testify, again based on hearsay, what the employee told him.

6

And to corroborate Agent Shaffer's hearsay testimony, the government will have Agent Keyes testify about Simrandeep Singh's phone location data.

If the government were just presenting Agent Shaffer's testimony on this topic, the defense would simply move to exclude it based on hearsay and cross-examine him on the remaining substance. The government's late expert disclosure, however, has established a need for the defense to affirmatively rebut this testimony. Had the government timely disclosed the cell site testimony, the defense could have: (1) subpoenaed U-Haul's surveillance video to challenge Simrandeep Singh's presence; (2) interviewed the U-Haul employee; (3) investigated the surrounding area to see what other locations are within the cell tower's ping location and cross-referenced the results with places that Simrandeep Singh was known to visit; (4) spoken to Simrandeep Singh's friends to try to determine who actually accompanied Anmoldeep Singh to the U-Haul; and (5) hired its own expert to rebut Agent Keyes' testimony or verify the accuracy of it.

The defense is unable to do any of this given the government's extremely late disclosure.

### 2. The defense is unable to meet the May location data

The government also intends to offer expert testimony regarding cell site data to establish that Simrandeep Singh traveled to a location in Northern Washington state near the Canadian border. This evidence should similarly be excluded.

The defense knows nothing about a possible trip that Simrandeep Singh allegedly took to Washington. Had this been disclosed in a timely fashion, the defense could have: (1) subpoenaed flight records; (2) investigated the surrounding area to see what other locations are within the cell tower's ping location and cross-referenced the results with places that Simrandeep Singh might have visited; (3) interviewed relevant witnesses; (4) subpoenaed relevant surveillance videos; and (5) hired its own expert to rebut Agent Keyes' testimony or verify the accuracy of it. As it stands, the defense is

forced to accept the accuracy of Agent Keyes' testimony and has no ability to meaningfully test the government's case or put on a case of its own.

The government's last-minute effort to admit this evidence, in conjunction with the wire transfers, appears to be a backdoor effort to revisit the Canadian DTO evidence already excluded by the Court. As the Court has made clear, this case is about whether Simrandeep Singh committed a crime on July 26, 2023. Evidence concerning possible travel in May is irrelevant.

### 3. Exclusion is the appropriate remedy

District courts have broad discretion concerning the remedy to be imposed for a violation of Rule 16. *See United States v. Baker*, 10 F.3d 1374, 1398 (9th Cir.1993); United States v. Aceves-Rosales, 832 F.2d 1155, 1156 (9th Cir. 1987). The Ninth Circuit has upheld the exclusion of the government's proffered experts as a sanction for the prosecutor's failure to comply with the written summary requirement of Rule 16. *United States v. W.R. Grace*, 526 F.3d 499, 513 (9th Cir. 2008) (en banc). In so holding, the Court emphasized that under Rule 16, the government's expert disclosures must set forth not only the proposed expert's opinions, but also the "bases and reasons for those opinions." *Id*. Because the government failed to satisfy its obligations, the Court found no abuse of discretion in excluding those witnesses whose opinions were inadequately disclosed. *Id*. *See also United States v. Nash*, 115 F.3d 1431, 1439-40 (9th Cir. 1997) (excluding defense witness based on late notice).

Disclosure of expert testimony 18 hours before trial is unheard of. The Ninth Circuit has held as excusable a failure to notify expert witness testimony a month before trial, three weeks before trial, twelve days before trial, and even five days before trial (but one month before the expert's testimony began). *See U.S.A v. Torres*, No. 2:19-CR-00490-CAS-1, 2021 WL 2017290 (C.D. Cal. May 20, 2021), aff'd sub nom. *United States v. Torres*, No. 21-50285, 2023 WL 4077347 (9th Cir. June 20, 2023); *United States v. Holguin*, No. 19-50158, 2022 WL 7441252 (9th Cir. Oct. 13, 2022) at *1; *United States v. Mendoza-Paz*, 286 F.3d 1104, 1111-12 (9th Cir. 2002); *United*

8

*States v. Martinez*, 657 F.3d 811, 817 (9th Cir. 2011). Never, though, has any court in this circuit found that less than a day before the beginning of trial allowed "sufficient time" to prepare cross examination for a witness that would have been called the very next day.

## IV. CONCLUSION

The purpose of the expert notice requirement is to allow the defense to prepare a defense, or otherwise meaningfully respond to the government's evidence. Should the government's evidence be admitted, the defense will have no such opportunity, and Simrandeep Singh will be deprived of a fair trial. Mr. Singh deserves better.

The defense respectfully requests that the Court exclude the substance of the government's last-minute expert disclosure.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 16, 2024        By  */s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF
REBECCA ABEL
Deputy Federal Public Defenders
Attorney for SIMRANDEEP SINGH

9